# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

**(1)**     **MARGARET JOHNSON**, as co-administrator for the Estate of Matthew Kelley,

       **Plaintiff**,

vs.

**(2)**     **BOARD OF COUNTY COMMISSIONERS FOR CREEK COUNTY, OKLAHOMA,**

**(3)**     **STEVE TOLIVER, in his official and individual capacity as sheriff of Creek County,**

**(4)**     **RANDAL ARNOLD, JR.,**

**(5)**     **DUSTIN THOMAS,**

**(6)**     **KEVIN TAYLOR, and**

**(7)**     **CITY OF SAPULPA,**

       **Defendants**.

Case No. 13-CV-509-GKF-TLW

**JURY TRIAL DEMANDED**

### ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF THE DEFENDANTS STEVE TOLLIVER, RANDAL ARNOLD, DUSTIN THOMAS, AND KEVIN TAYLOR

**COME NOW**, the Defendants, Steve Tolliver, Randal Arnold, Dustin Thomas, and Kevin Taylor (collectively "Individual Defendants"), by and through their attorneys of record, Thomas A. LeBlanc and Benjamin D. Reed, of the law firm Best & Sharp, in Tulsa, Oklahoma, and hereby submits their Answer to the Amended Complaint filed by the Plaintiff, Margaret Johnson (hereafter "Plaintiff"), as co-administrator for the Estate of Matthew Kelley (hereafter

"Decedent").

Defendants generally deny the allegations set forth in the Plaintiff's Amended Complaint unless specifically admitted herein, and for their Answer states as follows:

1. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 and therefore deny same.

2. Defendants admit that the Board is the Legislative body for Creek County, Oklahoma. Defendants admit that at the time of the incident at issue, Steve Tolliver (hereafter "Tolliver") was the Sheriff of Creek County, and Randal Arnold (hereafter "Arnold"), Dustin Thomas (hereafter "Thomas"), and Kevin Taylor (hereafter "Taylor") were deputies of the Creek County Sheriff's Department. Defendants admit that the City of Sapulpa (hereafter "City") is a municipality situated in both Creek and Tulsa Counties. The remaining allegations are denied.

3. Defendants admit that jurisdiction and venue are appropriate. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 3 and therefore deny same.

4. Admitted.

5. Defendants admit that the Incident Report Narrative from Arnold indicates that the Decedent was sweating profusely and talking fast and that the Decedent was asked to repeat things at times because he was pacing around and talking too fast. Defendants admit that the Incident Report Narrative from Thomas indicates that Thomas had several previous encounters with the Decedent from past calls for service and that the Decedent was not making sense. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 5 and

therefore deny same.

6. Admitted.

7. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 and therefore deny same.

8. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 and therefore deny same.

9. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 and therefore deny same.

10. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 and therefore deny same.

11. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 and therefore deny same.

12. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 and therefore deny same.

13. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 and therefore deny same.

14. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 and therefore deny same.

15. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 and therefore deny same.

16. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 and therefore deny same.

17. Defendants are without knowledge or information sufficient to form a belief about the

truth of the allegations set forth in Paragraph 17 and therefore deny same.

18. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 and therefore deny same.

19. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 and therefore deny same.

20. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 and therefore deny same.

21. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 and therefore deny same.

22. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 and therefore deny same.

23. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 and therefore deny same.

24. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 and therefore deny same.

25. Denied.
26. Denied.
27. Denied.
28. Denied.
29. Denied.
30. Denied.
31. Denied.

# AFFIRMATIVE DEFENSES

For their affirmative defenses to the Plaintiff's Amended Complaint, Defendants would state as follows:

1. Failure to state a claim for which relief can be granted.

2. Plaintiff's claims against Defendants are barred or limited by the Oklahoma Governmental Tort Claim Act, 51 O.S. § 151, *et seq.*

3. Any injuries or damages sustained by the Plaintiff and the Decedent were caused by the Decedent's own acts or conduct, and such acts or conduct constitute a bar to Plaintiff's recovery from Defendants.

4. Statute of limitations.

5. Qualified immunity.

6. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or investigation.

**WHEREFORE**, having fully answered the Amended Complaint, Defendants pray the Court enter judgment for Defendants and that Plaintiff take nothing by way of her Amended Complaint, that the Court award Defendants their costs and fees incurred in defense of this action and that the Court award such other and further relief as it deems just and proper.

Respectfully submitted,

**BEST & SHARP**

s/ Benjamin D. Reed
Thomas A. LeBlanc, OBA #14768
Benjamin D. Reed, OBA #22696
One West Third Street, Suite 900
Tulsa, OK 74103-4225
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorneys for Defendants Board of County Commissioners for Creek County, Oklahoma; Steve Toliver; Randal Arnold, Jr.; Dustin Thomas; and Kevin Taylor*

# CERTIFICATE OF MAILING

This is to certify that on this the 13th day of November, 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| J. Spencer Bryan, OBA # 19419<br>Steven J. Terrill, OBA # 20869<br>**BRYAN & TERRILL LAW, PLLC**<br>9 East 4th Street, Suite 600<br>Tulsa, OK 74103<br>918-935-2777<br>918-935-2778 (facsimile)<br>jsbryan@bryanterrill.com<br>*Attorneys for Plaintiff* | Scott Wood, OBA # 12536<br>**WOOD, PUHL & WOOD**<br>2409 East Skelly Drive, Suite 200<br>Tulsa, OK 74105<br>918-742-0808<br>918-742-0812 (facsimile)<br>okcoplaw@aol.com<br>*Attorney for Defendant City of Sapulpa* |
| Amber N. Peckio Garrett, OBA # 19908<br>D. Mitchell Garrett, OBA # 20704<br>**GARRETT LAW CENTER, PLLC**<br>401 South Boston, Suite 2201<br>Tulsa, OK 74103<br>918-895-7216<br>918-895-7217 (facsimile)<br>mitchell@garrettlawcenter.com<br>*Attorneys for Plaintiff* | |

                                                                  s/ Benjamin D. Reed_____