IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] MARGARET JOHNSON, as co-administrator for the Estate of Matthew Kelley, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 13-CV-509-GKF ) |
| [1] BOARD OF COUNTY COMMISSIONERS FOR CREEK COUNTY, OKLAHOMA, et al. | ) ) ATTORNEY LIEN ) CLAIMED ) |
| Defendants. | ) ) |
| vs. | ) ) |
| [1] RACHELLE JOHNSON, INTERVENER. | ) ) |

## COMPLAINT IN INTERVENTION

COMES NOW, the intervener, Rachelle Johnson, the widow of the decedent, Matthew Kelley, by her attorneys, John B, DesBarres, and James O. Goodwin of the law firm Goodwin & Goodwin, and for her complaint in intervention alleges and states:

1. On July 10, 2011 the intervener was the wife of Matthew Kelley, deceased.

2. The plaintiff by statutory authority was appointed as special administrator in the case styled In the District Court In and For Creek County, State of Oklahoma, In Re the Estate of Matthew Kelley, deceased, Case No. PB-2011-67 for the purpose of pursuing the wrongful death action in the above styled case.

3. The intervener incorporates herein by reference as if fully set forth herein the allegations of the Petition attached as Exhibit "1" making the claim for wrongful death of her husband. The intervener is the surviving widow.

4. On December 12, 2013 the intervener received official notice that a settlement had been reached in the above styled case.

5. The plaintiff in her statutory capacity as special administrator and not in a capacity as next of kin has a statutory fiduciary duty to account to the probate court by virtue of her appointment in the case styled In the District Court In and For Creek County, State of Oklahoma, In Re the Estate of Matthew Kelley, deceased, Case No. PB-2011-67 for the wrongful death settlement..

6. The Motion for Approval of Settlement and Request for Hearing (Dkt. No. 21) and Motion for Approval of Disbursal of Settlement Funds (Dkt. No. . 22) whereby the plaintiff seeks distribution of the wrongful death settlement in contravention of 12 O.S. § 1053 and §1054, <u>Murg, Jr. v. Barnsdall Nursing Home</u> 2005 OK 73, 125 P.3d 21 and the Oklahoma Probate Code, 58 O.S. § 211 et., seq., must be denied in so far as any proceeds of the settlement must be made payable to "The Estate of Matthew Kelley, deceased" and distribution of those proceeds determined in the probate case.

7. The above styled action was brought by the plaintiff in her statutory capacity as special administrator, and not in a capacity as next of kin, and therefore the plaintiff has a statutory fiduciary duty to account to the court of her appointment in the case styled In the District Court In and For Creek County, State of Oklahoma, In Re the Estate of Matthew Kelley, deceased, Case No. PB-2011-67. The District Court In and For Creek County, State of Oklahoma is the proper court for accounting of the wrongful death settlement and the determination of any distribution of the wrongful death settlement pursuant to 12 O.S. § 1054 by virtue of the plaintiff's statutory appointment.

8. Pursuant to 12 O.S. § 1054, the intervener, as the surviving widow has the right to an opportunity to be heard regarding the distribution of the wrongful death settlement by virtue of her right to her recovery of the loss of consortium and the grief of the surviving spouse, which shall be distributed to the surviving spouse; the mental pain and anguish suffered by the decedent, which shall be distributed to the surviving spouse and children, if any, or next of kin in the same proportion as personal property of the decedent; and the pecuniary loss to the survivors based upon properly admissible evidence with regard thereto including, but not limited to, the age, occupation, earning capacity, health habits, and probable duration of the decedent's life, which must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, and shall be distributed to them according to their pecuniary loss.

9. On December 19, 2013, the Court granted the Motion to Intervene (Dkt. No. 27) directing that the intervener file the Complaint In Intervention.

WHEREFORE, premises considered, the intervener, Rachelle Johnson prays the court grant the Motion for Approval of Settlement (Dkt. No. 21) and deny the Motion for Approval of Disbursal of Settlement Funds (Dkt. No. 22) ordering that any distribution must properly be determined by the probate court from which the plaintiff's statutory authority arose, together with attorney's fees and costs as allowed by law, and such other and further relief as the court deems just and proper.

/S/ John B. DesBarres
John B. DesBarres OBA #12263
14319 W. 18th Place S.
Sand Springs, Oklahoma 74063
Telephone: 918-246-9375
Cell Phone: 918-289-3330
Facsimile: 918-246-9375
MRJBDB@msn.com
JohnDesBarres@gmail.com

James O. Goodwin, OBA #3458
GOODWIN & GOODWIN
624 E. Archer
P.O. Box 3267
Tulsa, Oklahoma 74101
Telephone: 918-582-9181
Facsimile: 918-599-0250
Email: JGoodwin@TheOklahomaEagle.net

Attorneys for Rachelle Johnson

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 3rd day of January, 2014, a true and exact copy of the above and foregoing instrument was transmitted electronically through the CM/ECF website to:

D. Mitchell Garrett, Jr., OBA #20704
GARRETT LAW CENTER, PLLC
P.O. Box 1349
Tulsa, OK 74101-1349
oklawyer@gmail.com

J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
jsbryan@bryanterrill.com
Bryan & Terrill Law, PLLC
401 South Boston, Suite 2201
Tulsa, OK 74103

Thomas LeBlanc
Benjamin Reed
Best & Sharp
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
breed@bestsharp.com

Scott Wood
Wood, Puhl & Wood
2409 E. Skelly Drive, Suite 200
Tulsa, OK 74105
okcoplaw@aol.com

J. Spencer Bryan
Steven Terrill
Bryan & Terrill
9 E. 4th Street, Ste. 600
Tulsa, OK 74103
jsbryan@bryanterrill.com

                                            /S/ John B. DesBarres
                                            John B. DesBarres