IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARGARET JOHNSON, as co-administrator for the estate of Matthew Kelley, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF COUNTY COMMISSIONERS FOR CREEK COUNTY, OKLAHOMA, *et al.*, <br><br> Defendants, <br><br> v. <br><br> RACHELLE JOHNSON, <br><br> Intervener. | Case No.: 13-CV-509-GKF-TLW |

**AMENDED AGREED ORDER GRANTING PLAINTIFF'S AND INTERVENER'S AGREED MOTION FOR APPROVAL OF DISBURSAL OF SETTLEMENT FUNDS**

On the 16th day of January, 2014, this matter came on hearing before the undersigned Judge of the District Court on Plaintiff's and Intervener's Agreed Motion for Approval of Disbursal of Settlement Funds [Dkt. #31]. The Plaintiff, Margaret Johnson, as co-administrator for the estate of Matthew Kelley, deceased, appeared in person and by her attorney, Mitchell Garrett, Esq. of Garrett Law Center, PLLC. The intervener, Rachelle Johnson appeared in person and by her attorney, John B. DesBarres. Non-party, Lucille Tiger appeared in person and pro-se. The Defendant, Board of County Commissioners of Creek County appeared not either in person or by its attorney Thomas LeBlanc, Esq., of the law firm Best & Sharp. The Defendant, City of Sapulpa appeared by its attorney, Scott Wood, Esq., of the law firm Wood, Puhl & Wood.

The Court, being fully advised in the premises, and having listened to the testimony of witnesses, finds that a settlement agreement has been entered into between the parties to settle

this matter for the total present value of $100,000.00 in the form of a structured settlement. Margaret Johnson in her role as Special Administrator with the advice and consent of her attorneys authorized them to settle with Creek County Board of Commissioners for $90,000.00 and the City of Sapulpa for $10,000.00 for a global settlement for the present value of $100,000.00.

On December 19, 2013 an Order was pronounced granting the Plaintiff's Motion for Approval of Settlement [Dkt. #21]. The court makes no finding regarding the issue of liability of the defendants, but finds that the settlement agreement is reasonable insofar as the injuries and damages of the Plaintiff are concerned. Also, on December 19, 2013, the court granted the Motion to Intervene [Dkt. #26] and directed the Intervener, Rachelle Johnson to file her Complaint In Intervention. The Complaint In Intervention was filed January 3, 2014 [Dkt. #30].

At the December 19, 2013 hearing the Court denied the Plaintiff's Motion for Approval of Disbursal of Settlement Funds [Dkt. #22] pending further order of the Court as to proper distribution. The Court ordered the Intervener file a brief in support of her Complaint In Intervention by January 17, 2014, the Plaintiff respond by January 24, 2014, and the Court set a hearing for January 31, 2014 at 1:15 p.m. [Dkt. #29]. Further, the Court ordered the settlement recovery be paid by the Defendants to the Clerk of the Court without any distribution of same pending further order of the Court.

The Plaintiff and Intervener have now agreed to disbursement of the settlement recovery by this Court pursuant to their agreement and for that reason the Court finds:

    a. The Intervener has agreed to withdraw her objection to distribution of the settlement funds by this Court as long as the distribution is made pursuant to an Agreed Order as hereinafter set forth.

b. The briefing schedule should be stricken as moot;

c. The hearing set January 31, 2014 should be stricken as moot;

d. The Defendants should be relieved of the Order that the settlement funds be paid to the Clerk of the Court and the Defendants are ordered to pay the settlement funds as a combination of cash and periodic payments to be distributed as agreed by the Plaintiff and Intervener pursuant to the order of the Court.

The Court finds the Plaintiff and the Intervener have agreed to the following distribution:

| | |
|---|---|
| Total Recovery to be paid by the Defendants | $100,000.00 |
| Less Agreed Contingent fee to Garrett Law Center, PLLC | $40,000.00 |
| Less agreed cost of reimbursement to Garrett Law Center, PLLC | $2,502.54 |
| Less agreed to recovery to the Intervener, Rachelle Johnson, as the surviving widow of Matthew Kelley, deceased | $10,780.79 |
| Less agreed payment by Defendants and/or their Insurer(s) to "Mutual of Omaha Structured Settlement Company" Annuity for the Benefit of H.T., a minor | $14,374.36 |
| Less agreed payment by Defendants and/or their Insurer(s) to "Mutual of Omaha Structured Settlement Company" Annuity for the Benefit of X.K., a minor | $10,780.77 |
| Less agreed payment by Defendants and or their insurer(s) to "Mutual of Omaha Structured Settlement Company" Annuity | $10,780.77 |

| for the Benefit of A.K., a minor | |
|---|---|
| Less agreed payment by Defendants and or their insurer(s) to "Mutual of Omaha Structured Settlement Company" Annuity for the Benefit of J.K., a minor | $10,780.77 |
| Total | $0.00 |

The contingent fee shall be paid from the settlement by the Plaintiff and her attorneys to GARRETT LAW CENTER, PLLC in the amount of $40,000.00.

The cost reimbursement shall be paid from the settlement by the Plaintiff and her attorneys to GARRETT LAW CENTER, PLLC in the amount of $2,502.54.

The recovery on behalf of the Intervener shall be paid from the settlement by the Plaintiff and her attorneys to "Rachelle Johnson and her attorneys, James O. Goodwin and John DesBarres" in the amount of $10,780.79.

The recovery on behalf of H.T., a minor, X.K., a minor, A.K., a minor, and J.K., a minor shall be paid from the settlement by the Defendants and/or their Insurer(s) to "Mutual of Omaha Structured Settlement Company" in the total amount of $46,716.67 for the purchase and funding of the annuities for the periodic payments and Defendants and/or their Insurer(s) and the Parties shall execute the Settlement Agreement and Release and Qualified Assignment documents as required by the life company to issue annuity policies provisions as follows:

a. Future periodic payments to A.K. ("Payee") on the dates and in the amounts indicated hereafter:

   1. $7,539.55 guaranteed lump sum payable on March 15, 2024.
   2. $10,450.78 guaranteed lump sum payable on March 15, 2031.

b. Future periodic payments to J.K. ("Payee") on the date and in the amounts indicated hereafter:

   1. $7,827.15 guaranteed lump sum payable on March 12, 2025.
   2. $11,005.34 guaranteed lump sum payable on March 12, 2032.

c. Future period payments to X.K. ("Payee") on the date and in the amounts indicated hereafter:

   1. $6,857.28 guaranteed lump sum payable on September 11, 2022.
   2. $9,695.41 guaranteed lump sum payable on September 11, 2029.

d. Future periodic payments to H.T. ("Payee") on the dates and in the amounts indicated hereafter:

   1. $7,882.35 guaranteed lump sum payable on September 15, 2019.
   2. $11,254.48 guaranteed lump sum payment on September 15, 2026.

e. All such aforementioned guaranteed payments are guaranteed whether or not the Payee(s) survive the payment schedule. All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

f. The obligation to make the periodic payments described herein shall be assigned by the Defendants and/or their Insurer(s) to "Mutual of Omaha Structured Settlement Company" (MOSSCO) ("Assignee", and funded by an annuity contract issued by United of Omaha Life Insurance Company ("Annuity Issuer"), rated A+XV BY BEST.

g. Any guaranteed payments to be made after death of X.K., a minor, A.K., a minor, and J.K., a minor ("Payee(s)") shall be made to Rachelle Johnson and any guaranteed

payments to be made after the death of H.T., a minor ("Payee") shall be made to Lucille Tiger. Upon the age of majority the Payee(s) may submit a change of beneficiary to the Assignee. The designation must be in form of acceptable to the Assignee.

The Court finds that the attorneys for the Plaintiff and attorneys for the Intervener by reason of the payments provided for in this order release any and all attorney lien claims.

The parties shall file a Stipulation of Dismissal With Prejudice on completion of the documents necessary to effectuate the settlement and payment of the settlement.

IT IS SO ORDERED.

DATED this 23rd day of February, 2015.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Approved as to form:

GARRETT LAW CENTER, PLLC

*/s/ D. Mitchell Garrett, Jr.*
D. Mitchell Garrett, Jr., OBA #20704
P.O. Box 1349
Tulsa, OK 74101-1349
Telephone: (9418)895-7216
Fascimile: (918)895-7217
oklawyer@gmail.com

**Attorneys for the Petitioner**

and

Bryan & Terrill

*/s/ J. Spencer Bryan*
J. Spencer Bryan, OBA #19419
[Signed by submitting attorney with permission]
Steven J. Terrill, OBA #20869
401 S. Boston, Suite 2201
Tulsa, OK 74103
Telephone: (918)935-2777
Facsimile: (918)935-2778
jsbryan@bryanterrill.com

**Attorneys for the Petitioner**

Best & Sharp

*/s/ Thomas LeBlanc*
[Signed by submitting attorney with permission]
Thomas LeBlanc, Esq., OBA #14768
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918)582-1234
Facsimile: (918)5859447
Email: tleblanc@bestsharp.com

**Attorneys for Defendant**
**Board of County Commissioners of Creek County**

Wood, Puhl & Wood

*/s/ Scott Wood*
[Signed by submitting attorney with Permission]
Scott Wood, Esq., OBA #12536
Wood, PUHL & Wood
2409 E. Skelly Drive, Suite 200
Tulsa, OK 74105
Telephone: (918)742-0808
Facsimile: (918)742-0812
Email: okcoplaw@aol.com

**Attorney for Defendant**
**City of Sapulpa**

John DesBarres

*/s/ John B. DesBarres*
[Signed by submitting attorney with Permission]
John DesBarres, OBA #12263
14319 W. 18th Place South
Sand Springs, OK 74063
Telephone: (918)246-9375
Cell Phone: (918)289-3330
Facsimile: (918)246-9375
Email: MRJDBD@msa.com
Email: JohnDesBarres@gmail.com

and

Goodwin & Goodwin

*James O. Goodwin*
James O. Goodwin, OBA #3458
GOODWIN & GOODWIN
624 East Archer
Tulsa, OK 74101
Telephone: (918)582-9181
Facsimile: (918)599-0250
Email: JGoodwin@TheOklahomaEagle.net

**Attorney for Intervener
Rachelle Johnson**

*/s/ Rachelle Johnson*
[Original signature shown on Dkt. #34-1]
Rachelle Johnson, individually, and
as natural mother and next friend
of X.K., a minor; A.K., a minor; and J.K., a minor

*/s/ Lucille Tiger*
[Original signature shown on Dkt. #34-1]
Lucy Tiger, *pro-se,*
As natural mother and next friend of H.T., a minor